IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC  20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| 601 South 12th Street | ) | |
| Arlington, VA 22202, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.  Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at United States Department of Homeland Security, 601 South 12th Street, Arlington, VA 22202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 24, 2012, Plaintiff sent a FOIA request to U.S. Immigration and Customs Enforcement ("ICE"), a component of Defendant, seeking access to the following:

> 1. Any and all records concerning or relating to hormone therapy provided to transgender detainees either while detained by ICE or for use by a transgender detainee following his or her deportation or removal, including but not limited to statistical compilations of the number of transgender detainees receiving such therapy;
>
> 2. Any and all records concerning or relating to other transgender-related health care services or medications provided to trans gender detainees, including but not limited records identifying the type of transgender-related health care services or medications provided and statistical compilations of the number of transgender detainees receiving such services or medications; and
>
> 3. Any and all records concerning or relating to the costs associated with the health care services provided in Items 1-2 above.

6. The request expressly stated that records were being sought for Fiscal Year 2011, or from October 1, 2010 through September 30, 2011. The request also expressly stated that no information was being sought about the identity of any detainee who may have received any of the services in question or the identity of any health care provider who may have provided such services.

7. By letter dated October 4, 2012, Defendant acknowledged receipt of the request and notified Plaintiff that the request had been assigned ICE FOIA Case Number 2013FOIA00027.

8. Defendant was required to determine whether to comply to Plaintiff's request within 20 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. Excluding weekends, the intervening Columbus Day holiday (October 8, 2012), and the two days that the Federal Government was closed because of Hurricane Sandy (October 29 and 30, 2012), Defendant was required to make its determination and provide Plaintiff with the requisite notifications by November 6, 2012.

9. As of the date of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether Defendant will comply with Plaintiff's request, the reasons for any such determination, or Plaintiff's right to appeal any adverse determination to the head of the agency. Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

10. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   December 17, 2012                          Respectfully submitted,

                                                    JUDICIAL WATCH, INC.

                                                    /s/ Paul J. Orfanedes
                                                    D.C. Bar No. 429716
                                                    425 Third Street, S.W., Suite 800
                                                    Washington, DC 20024
                                                    (202) 646-5172

                                                    *Attorneys for Plaintiff*